# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jacam Chemical Company, 2013, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>Arthur H. Shepard Jr. and Geo Chemicals, LLC,<br><br>        Defendants. | **PROTECTIVE ORDER**<br><br>Case No. 1:19-cv-093 |

On July 10, 2019, the plaintiff and defendants Arthur H. Shepard Jr. and Geo Chemicals, LLC (hereafter referred to collectively as "the Parties") filed what the court construes as a stipulation for a protective order. The court **ADOPTS** the stipulation (Doc. No. 38) and enters the following Protective Order:

1. **Scope.** All documents and materials produced in the course of discovery of this case, including responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. The Parties' Joint Protocol for Forensic Examination of Computers, Laptops and Other Electronic Devices, including any amendment, is incorporated into and made part of this Protective Order by reference when filed. If a joint protocol is not filed, any Order of the Court providing a protocol for forensic examination of computers, laptops and other electronic devices is incorporated into and made a part of this Protective Order by reference. The protection conferred by this Order also applies to (1) any information copied or extracted from any Confidential Information; (2) all copies, excerpts, summaries, or compilations of

1

Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

2. **Definition of Confidential.** Documents may be designated as "CONFIDENTIAL" when the information contains personnel files, compensation or payroll data, client lists, customer lists, sales data, financial and business planning strategy, trade secrets, proprietary business information, customer information, pricing data, other commercially sensitive non-public information, or other confidential information the public disclosure of which would prejudice a party, or a non-party.

3. **Definition of Confidential – Attorney Eyes Only.** Documents may be designated as "CONFIDENTIAL – ATTORNEY EYES ONLY" when the information produced is so sensitive that it is likely, if disclosed to the opposing party, to substantially compromise the competitive position of the producing party or a non-party.

4. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that has been previously maintained in a confidential manner and is any type or classification of information that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" by the supplying party, and reasonably believed to be subject to protection under N.D.C.C. Ch. 47-25.1, et. seq., or other statute or agreement, practice or otherwise, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise. In designating information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," the supplying party will make such designation only as to that information that party in good faith believes to be Confidential Information. Information or documents that are available

to the public may not be designated as Confidential Information.

5. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute, agreement or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Information as defined in this Order.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten days after discovery of the inadvertent failure.

7. **Depositions.** Deposition testimony will be deemed confidential only if designated as such

when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

8. **Protection of Confidential Material.**

    (a) **General Protections.** Designated Confidential Information must be used or disclosed by the receiving parties solely for purposes of prosecuting or defending this lawsuit, including any appeals. The Parties agree that Jacam Chemical Company 2013, LLC and GeoChemicals, LLC may use Designated Confidential Information produced in this action for purposes of prosecuting or defending the lawsuit styled Jacam Chemical Company 2013 v. William Kainz. and Geo Chemicals, LLC, Case No. 2019-CV-000021 pending in the Twentieth Judicial District Court, Rice County, Kansas and any appeals (the "Kansas action"), but it shall be treated as Designated Confidential Information under the Agreed Protective Order entered in the Kansas action.

    (b) **Who May View Designated Confidential Information.** Except with the prior written consent of the producing party or prior order of the court, documents designated as "CONFIDENTIAL – ATTORNEY EYES ONLY" may only be disclosed by the receiving parties to the following persons:

        (1) Counsel for the parties, employees and agents of counsel, and in house counsel for the receiving party;

        (2) The court, court personnel, and members of the jury;

        (3) Court reporters, recorders, and videographers engaged for depositions;

(4) Any mediator appointed by the court or jointly selected by the parties;

(5) Any expert witness, outside consultant, or investigator used in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(6) The author, owner, prior recipient, or person or entity that generated the Confidential Information (not including a person who only received the Confidential Information in the course of the litigation); and

(7) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

Except with the prior written consent of the producing party or prior order of the court, other documents designated as "CONFIDENTIAL" may only be disclosed by the receiving parties to any individual that may receive information designated "CONFIDENTIAL – ATTORNEY EYES ONLY" as listed above, and the following additional persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Any potential, anticipated or actual fact witness and his or her counsel, but only to the extent that the receiving party and/or its counsel, believe, in good faith, that the Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such

persons have completed the certification contained in Attachment A. (If such a potential, anticipated or actual fact witness and/or his or her counsel refuse to sign the certification, the Confidential Information may nevertheless be disclosed to that person and his or her counsel, if reasonable care is taken by the receiving party to minimize the extent of the disclosure, to insure no copy of the Confidential Information is retained by such person or his or her counsel, and to record the identity and contact information for such witness and his or her counsel);

(3) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

If any information designated as "CONFIDENTIAL – ATTORNEY EYES ONLY" is used as an exhibit at or discussed during a deposition, hearing or trial, any persons in attendance at the deposition, hearing or trial who are not entitled to receive information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Section 8(b) shall leave the deposition, hearing or trial during discussion of the information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" , and that portion of the transcript shall be sealed and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for each receiving party must maintain a signed copy of the Attachment A, Acknowledgment

and Agreement to be Bound, form required for disclosure of designated Confidential Information to that individual, if required under paragraph 8(b).

9. **Filing of Confidential Information.** In the event a receiving party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that receiving party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the producing party; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, then, in the absence of a further order of the court, only the parties, counsel of record and unrepresented parties, will have court access to the sealed documents.

10. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information hereunder is subject to challenge by any party. Before filing any motion or objection to a confidential designation hereunder, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidential designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the

challenge. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order. A producing party may waive or choose to remove the confidentiality designation which it has asserted hereunder.

11. **Use of Confidential Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material or information at any trial or hearing in connection with this action and/or the Kansas action. A receiving party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information other than as allowed by the court or this Order. The court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

12. **Obligations on Conclusion of Litigation.**

    (a) Order Remains in Effect. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) Return of Confidential Documents. Within sixty days after this litigation concludes by settlement, final judgment or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be destroyed or returned to the party who previously produced the document unless the document has been offered into evidence or filed without

restriction as to disclosure.

(c) Retention of Litigation File and Work Product. Notwithstanding the above requirements to return or destroy documents, counsel of record may retain all of their files from this litigation, including, but not limited to, pleadings, correspondence, discovery requests and responses, expert disclosures, transcripts, and work product, whether or not such files refer to or include any designated Confidential Information from this litigation. Those files and work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

13. **Order Subject to Modification.** This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under N.D.C.C. Ch. 47-25.1 or otherwise until such time as the court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

17. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

18. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information owned, generated, or produced in this case by a third party, if timely requested.

19. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the producing party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the producing party in this case an opportunity to try to protect the Confidential

Information in the court from which the subpoena or order issued. The producing party who designated the information as Confidential Information bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while a party has in its possession, custody or control Confidential Information designated by another party to this case.

20. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege, Work Product or Other Confidentiality Restriction.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection or another confidentiality restriction, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection and/or other confidentiality restriction Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Notwithstanding the foregoing, counsel

for the receiving party may temporarily, pending decision of the court or other resolution by the parties, retain one copy of the documents and/or information at issue, if counsel for the receiving party advises the producing party that the receiving party intends to dispute the protected nature of the information or documents, and proceeds promptly to contest the designation in the manner described hereunder.

Dated this 15th day of July, 2019.

>*/s/ Clare R. Hochhhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court