**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Jacam Chemical Company 2013, LLC, | **ORDER GRANTING MOTION** |
| Plaintiff, | **FOR RELIEF FROM STIPULATION** |
| vs. | Case No. 1:19-cv-093 |
| Arthur H. Shepard, Jr., and Geo Chemicals, LLC, | |
| Defendants. | |

Before the Court is Defendant Arthur H. Shepard, Jr.'s "Motion for Relief from the Joint Stipulation" filed on March 31, 2020. See Doc. No. 100. Defendant Geo Chemicals, LLC filed a response in support of the motion on April 2, 2020. See Doc. No. 101. The Plaintiff filed a response in opposition to the motion on April 7, 2020. See Doc. No. 104. Defendant Shepard filed a reply on April 9, 2020. See Doc. No. 105. For the reason set forth below, the motion is granted.

I. **BACKGROUND**

On May 31, 2019, Jacam Chemical Company 2013, LLC ("Jacam") filed this suit against its former employee, Arthur H. Shepard, Jr. ("Shepard"), and the company Shepard went to go work for, Geo Chemicals, LLC ("Geo"), alleging breach of contract, tortious interference with existing contract/business relations, breach of duty of loyalty, breach of the North Dakota Uniform Trade Secrets Act, and civil conspiracy. See Doc. No. 1. On June 13, 2019, Jacam filed a motion for a temporary restraining order, preliminary injunction, and expedited discovery. See Doc. No. 9. On June 18, 2019, the parties filed a stipulation regarding the motion for a temporary restraining order, preliminary injunction, and expedited discovery. See Doc. No. 29. Numbered paragraph 4

1

of the stipulation provides: "Shepard agrees and represents that he will not perform any work for, on behalf of, or for the benefit of, Geo Chemicals LLC unless jointly agreed to by the parties or in the event that the Court denies Jacam 2013's motion for a preliminary injunction." See Doc. No. 29.  Additional provisions include: Shepard's preservation of any potentially relevant electronically stored information on his mobile phone and laptop computer; the parties' procedure for imaging and reviewing that electronically stored information; a discovery schedule; Jacam's withdrawal of its motion for a temporary restraining order and expedited discovery; and a schedule for a hearing on Jacam's motion for a preliminary injunction. See Doc. No. 29. The Court adopted the stipulation and found as moot Jacam's motion for a temporary restraining order and motion for expedited discovery. See Doc. No. 30. The hearing on the motion for a preliminary injunction has yet to occur due to a number of reasons, including an extended briefing period on the motion, limited availability of the parties and the Court, and, most recently, COVID-19 pandemic concerns. Shepard now seeks to be released from the provision in the stipulation which prevents him from working for Geo.

## II.  DISCUSSION

Stipulations are generally classified as either procedural or contractual in nature:

> Procedural stipulations are aimed at facilitating the course of a lawsuit.  They simplify proof or foreshorten procedural requirements.  Contractual stipulations affect the subject matter of a lawsuit.  They deal with the rights or property at issue.  They are styled stipulations only because they occur in connection with litigation.  In essense they are contracts and are entitled to all the sanctity of a conventional contract.

Lawrence v. Lawrence, 217 N.W.2d 792, 796 (N.D. 1974).  "The essential distinction between contractual stipulations and contracts lies in remedy."  Id.  "The court retains management and

control over all stipulations." Id. "Stipulations made by parties to a lawsuit may always be nullified by the court for good cause." Id.

The stipulation at issue is largely contractual in nature, although procedural elements are present. Thus, we begin by reviewing contract law. N.D. Cent. Code § 9-08-06 provides, "A contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except: 1. A person that sells the goodwill of a business . . . 2. Partners, members, or shareholders, upon or in anticipation of a dissolution of a partnership, limited liability company, or corporation . . . ." See also Osborne v. Brown & Saenger, Inc., 904 N.W.2d 34, 38-39 (N.D. 2017) (North Dakota has a "longstanding and strong public policy against non-compete agreements."). Because numbered paragraph 4 of the stipulation prevents Shepard from working for Geo, it is in direct conflict with North Dakota law. Accordingly, numbered paragraph 4 must be voided.

### III. CONCLUSION

For the reason set forth above, Shepard's "Motion for Relief from the Joint Stipulation" (Doc. No. 100) is **GRANTED**. Numbered paragraph 4 in the stipulation is null and void.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2020.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court