IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jacam Chemical Company 2013, LLC, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Arthur H. Shepard Jr., and | ) | Case No. 1:19-cv-093 |
| Geo Chemicals, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are three motions for leave to file under seal filed on October 18, 2021. See Doc. Nos. 148, 151, 153. The parties seek permission to file their motions for summary judgment, memorandum in support, numerous exhibits and affidavits, and necessarily, all responses and replies to the motions under seal.

It is well-established that the public has a common-law right of access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the discretion of the Court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.23d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive

documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

In this case, sealing the motions for summary judgment would result in the Court's order on the motion being sealed as well and, in large part, result in most of the case being sealed. While the filing of certain highly confidential documents under seal, such as medical records, tax returns, or a chemical formula, is understandable, the wholesale filing of dispositive motions and most exhibits, including numerous deposition transcripts, contravenes the public's right of access to judicial records. The parties have provided little in the way of explanation as to why they need to file their motions and exhibits under seal and no analysis of the relevant case law which provides the public

with a right of access to court records.  Nor have they discussed the availability of less restrictive options such as redaction.

Public access is the norm.  Citation to the parties' stipulated protective order which the Court adopted is insufficient to provide a basis for sealing motions for summary judgment and exhibits.  This action is one for breach of contract.  This is not an unusual case or one involving highly confidential records, at least insofar as the Court can tell from the limited explanation provided by the parties.  The Court is left to wonder if the parties understand that should the case proceed to trial, the trial would be conducted in a public courtroom.  Under these circumstances and with little explanation as to the need for filing any documents under seal, the Court is not inclined to allow the parties to proceed in secret.

For the reasons set forth above, the motions to seal (Doc. Nos. 148, 151, 153) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court