## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jacam Chemical Company 2013, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| vs. | ) | **MOTION TO STRIKE** |
| | ) | |
| Arthur H. Shepard, Jr. and, | ) | |
| GEO Chemicals, LLC, | ) | Case No. 1:19-cv-093 |
| | ) | |
| Defendants. | ) | |

Before the Court is the Plaintiff Jacam Chemical Company 2013, LLC's motion to strike filed on November 24, 2021. See Doc. No. 188. The Defendant, Geo Chemicals, LLC, filed a response in opposition to the motion on December 8, 2021. See Doc. No. 191. Jacam Chemical Company 2013, LLC filed a reply brief on December 15, 2021. See Doc. No. 193. For the reasons outlined below, the motion is denied.

## I.    BACKGROUND

On May 31, 2019, Jacam Chemical Company 2013, LLC ("Jacam") filed this suit against its former employee, Arthur H. Shepard, Jr. ("Shepard"), and the company Shepard went to work for, Geo Chemicals, LLC ("GeoChem"). See Doc. No. 1. According to the complaint, Shepard served as District Manager for Jacam in Dickinson, North Dakota, from 2008 until 2019. See Doc. No. 1, p. 5. As part of his employment with Jacam, Shepard signed an employment agreement as well as a code of business conduct. Jacam terminated Shepard's employment on April 16, 2019. Id. at p. 13. After his termination, Shepard joined GeoChem, a competitor of Jacam. Jacam alleges Shepard then recruited Jacam employee(s) to work for Geo Chemicals, made false representations regarding

Jacam to Jacam's customers, and met with Jacam's customers.  Jacam alleges Shepard took these

actions with GeoChem's knowledge and such actions were in violation of Shepard's obligations

under the employment agreement and code of business conduct.  Id. at p. 13-15.  On May 9, 2019,

Jacam sent a letter to Shepard demanding he cease and desist the aforementioned conduct.  Id. at p.

15.  After Shepard did not respond to Jacam's letter, Jacam filed this action against Shepard and

GeoChem.

All three parties have now moved for summary judgment.  See Doc. Nos. 149, 152, and 154.

Along with its motion for summary judgment, Jacam has filed a motion to strike (Doc. No. 188)

nine exhibits (Doc. Nos. 167-1 through 167-9)  filed by GeoChem along with its response (Doc. No.

167) to Jacam's motion for summary judgment.  Jacam contends GeoChem has failed to submit an

authenticating affidavit along with the exhibits as required by Rule 56(e).  GeoChem opposes the

motion contending no such authenticating affidavit is required by Rule 56.


II.    **LEGAL DISCUSSION**

Prior to 2010, Rule 56(e) read as follows:

**(e) Affidavits; Further Testimony**.

**(1) In General**. A supporting or opposing affidavit must be made on personal
knowledge, set out facts that would be admissible in evidence, and show that the
affiant is competent to testify on the matters stated. If a paper or part of a paper is
referred to in an affidavit, a sworn or certified copy must be attached to or served
with the affidavit. The court may permit an affidavit to be supplemented or opposed
by depositions, answers to interrogatories, or additional affidavits.

**(2) Opposing Party's Obligation to Respond**. When a motion for summary
judgment is properly made and supported, an opposing party may not rely merely on
allegations or denials in its own pleading; rather, its response must—by affidavits or
as otherwise provided in this rule—set out specific facts showing a genuine issue for

trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56 (2009).

Rule 56 was amended in 2010 and Rule 56(e) now reads as follows:

**(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e) (2022).

Rule 56(c)(1) provides the new standard for what material may be used to support a motion

for summary judgment.  Rule 56(c)(1) provides as follows:

**(c) Procedures**

**(1) Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (2022).

3

The 2010 amendment to Rule 56 removed the necessity of an authenticating affidavit.  10A Wright & Miller, Federal Practice and Procedure § 2722 (4th ed. 2016).  "After a 2010 revision to Rule 56, materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence."  Maurer v. Indep. Town, 870 F.3d 380, 384 (5th Cir. 2017) (noting the change has caused some confusion) (internal citations omitted).  All the case law relied upon by Jacam is from prior to 2010 and/or applied the old rule.  As the new version of Rule 56 does not require an authenticating affidavit, there is no basis to strike GeoChem's exhibits and the motion is denied.  See Patel v. Texas Tech Univ., 941 F.3d 743, 746-47 (5th Cir. 2019) (noting the district court's failure to follow the new version of Rule 56 was an abuse of discretion).  Even if Jacam were correct, GeoChem has cured the problem by filing authenticating affidavits along with its response to the motion to strike.  See Doc. Nos. 191-3, 191-4, and 191-5.

III.   **CONCLUSION**

For the reasons set forth above, Jacam's motion to strike (Doc No. 188) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2022.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

4