**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jacam Chemical Company 2013, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTIONS FOR COSTS** |
| vs. | ) | |
| | ) | |
| Arthur H. Shepard, Jr. and, | ) | |
| GEO Chemicals, LLC, | ) | Case No. 1:19-cv-093 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court are motions for costs filed by both Defendants on January 17, 2023.  See
Doc. Nos. 214 and 218.  The Plaintiff filed responses in opposition to the motions on January 31,
2023.  See Doc. Nos. 223 and 224.  The Defendants filed reply briefs on February 7, 2023.  See Doc.
Nos. 225 and 226.  For the reasons set forth below, the motions are granted.

I.    **BACKGROUND**

On January 3, 2023, the Court granted the Defendants' motions for summary judgment and
granted in part and denied in part the Plaintiff's motion for summary judgment on the Defendant's
counterclaims.  The Defendants have both submitted motions for costs.  Defendant Arthur H.
Shepard, Jr. ("Shepard") seeks $450 in fees of the clerk, $14,154.50 for deposition transcripts, and
$2540.13 for e-discovery costs for a total of $17,144.63.  Defendant Geo Chemicals, LLC
("GeoChem") seeks $750 for fees of the clerk and $33,245.68 for deposition transcripts for a total
of $34,245.68.  The Plaintiff, Jacam Chemical Company 2013, LLC ("Jacam 2013"), contends there
were multiple prevailing parties and the Court should not award costs.  In addition, Jacam 2013

objects to some of the deposition expenses as unnecessary and Shepard's request for e-discovery costs.  Jacam 2013 does not object to the taxation of the fees of the clerk.

## II.   LEGAL DISCUSSION

It is well-established that the award of costs and attorney's fees is governed by Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. §§ 1821, 1920, 1921, 1923, and 1924.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part as follows:

(d)     Costs; Attorney's Fees.

    (1)     Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.

The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'"  Greaser v. Missouri Dept. of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (quoting Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995)).  District courts have significant discretion in awarding costs to the prevailing party.  Id. at 985 (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)); Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party. . . .").  There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every cost item awarded.  Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-97 (8th Cir. 2009).

Many of the recoverable costs are enumerated in 28 U.S.C. § 1920, which provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.


A.    **PREVAILING PARTY**

The Court finds Jacam 2013's contention that it was a prevailing party in this case unpersuasive.  Jacam 2013 was the Plaintiff and it lost on all its claims.  The primary claim in the case related to Jacam 2013's attempt to enforce a non-compete clause that clearly violated North Dakota law.  The Court concluded "[t]he exhaustive efforts undertaken by Jacam 2013 to enforce their illegal non-compete and forum selection clauses against Shepard (and other former employees) is vindictive, unreasonable, and beyond bullish."  See Doc. No. 212, p. 6.  The Court also found that "[t]he legal arguments of Jacam 2013 in support of the non-compete clauses and forum selection clauses are devoid of any merit" and that Jacam 2013 had no legal basis to enforce the agreement. Shepard and GeoChem were simply defending themselves and were granted summary judgment as to all of Jacam 2013's claims.  Shepard prevailed on his declaratory judgment counterclaim.  Under

these circumstances, Jacam 2013 cannot be considered a prevailing party.  Shepard and GeoChem are entitled to their costs under Rule 54.

### B. **DEPOSITION EXPENSES**

The taxation of court reporter fees and deposition transcript costs is governed by 28 U.S.C. §§ 1920(2) and 1920(4).  Transcription costs may be taxed as long as the deposition was "necessarily obtained for use in a case" and was not "purely investigative."  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006) (quoting Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)).  District courts have broad discretion in assessing deposition costs.  Bathke, 64 F.3d at 347.  The Eighth Circuit has approved the recovery of videotaped deposition costs.  See Craftsmen Limousine, 579 F.3d at 897-98 ("We agree with our sister circuits that the costs of video depositions are included under § 1920.").

The Plaintiffs seek to recover costs associated with deposition transcripts and video depositions taken in this case.  These costs were incurred and paid for by the Plaintiffs.  Upon a careful review of the entire record, the Court finds that the depositions referenced in the motions were necessarily obtained for use in the case, either in anticipation of trial or to support or respond to the motions for summary judgment and Jacam 2013's motion for a preliminary injunction.  As the Defendants point out, video depositions are often necessary for trial while transcripts are necessary to support or defend against motions.  In addition, some of the video depositions were necessitated by the ongoing COVID-19 pandemic.  In the broad exercise of its discretion, the Court will award costs for all the deposition transcripts and video depositions requested.

### C.      ELECTRONIC DISCOVERY COSTS

Shepard seeks $2540.13 in e-discovery costs that were incurred in this litigation.   Several courts, including the Third and Fourth Circuits, have allowed taxation of certain e-discovery costs, such as costs for conversion of documents to TIFF and OCR format,[1] as falling within the meaning of "exemplification" or "making copies" under 28 U.S.C. § 1920(4).  See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 166–67 (3d Cir. 2012) ("We agree that scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials.'"); Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 261 (4th Cir. 2013) ("the conversion of native files to TIFF and PDF formats . . .constituted 'making copies' under § 1920(4)"); Jo Ann Howard & Assoc., P.C. v. J. Douglas Cassity, 146 F. Supp. 3d 1071, 1084 (E.D. Mo.  2015) (finding that "making copies" under 28 U.S.C. § 1920(4) includes the costs of OCR scanning and TIFF conversions); In re Wholesale Grocery Prod. Antitrust Litig., No. 09-MD-2090, 2019 WL 413554, at *6 (D. Minn. Feb. 1, 2019) (awarding costs "incurred for scanning, converting files to TIFF images, and OCR'ing documents").  The Court finds these cases persuasive.  Expenses for converting files to TIFF and OCR format are recoverable under 28 U.S.C. § 1920(4) which permits recovery of copying and exemplification costs.

### III.      CONCLUSION

The Court has carefully reviewed the parties' briefs, the relevant case law, and the entire record.  The Court, in the broad exercise of its discretion under Rule 54(d), **GRANTS** the motions for costs (Doc. Nos. 214 and 218) and awards costs to Shepard in the amount of **$17,144.63** and

---

[1]TIFF refers to "tag image file format" and OCR refers to "optical character recognition."  Both formats allow for editing and searching.

GeoChem in the amount of **$34,245.68**.  Pursuant to Local Rule 54.1, the Court directs the Clerk of

Court to insert these amounts in the judgment.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2023.

_/s/ Daniel L. Hovland_____
Daniel L. Hovland, District Judge
United States District Court