IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jacam Chemical Company 2013, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Arthur H. Shepard, Jr. and, <br> GEO Chemicals, LLC, <br><br> Defendants, | **ORDER GRANTING PLAINTIFF'S MOTION TO STAY JUDGMENT** <br><br> Case No. 1:19-cv-093 |

Before the Court is the Plaintiff's motion to stay execution of judgment pending appeal filed on February 27, 2023. See Doc. No. 232. The Defendants filed a response to the motion on March 8, 2023. See Doc. No. 234. For the reasons set forth below, the motion is granted.

On January 3, 2023, the Court granted the Defendants' motions for summary judgment and granted in part and denied in part the Plaintiff's motion for summary judgment on the Defendant's counterclaims. See Doc. No. 212. The Plaintiff filed a notice of appeal on January 30, 2023. See Doc. No. 221. A cost judgment in the amount of $51,390.31 was entered against the Plaintiff on February 14, 2023. See Doc. No. 231. The Plaintiff now requests, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, that the Court stay the execution of the judgment pending the outcome of the appeal.

Federal Rule of Civil Procedure 62(b) which provide as follows:

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

"The purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution." Executive Air Taxi Corp. v. City of Bismarck, 2007 WL 559819, at *1 (D.N.D. Feb. 14, 2007) (quoting Fed. Prescription Serv., Inc. v. American Pharm., 636 F.2d 755, 761 (D.C. Cir. 1980)). Generally, a district court will set the supersedeas bond at an amount equal to the judgment being appealed. Executive Air Taxi Corp., 2007 WL 559819, at *1. However, a district court has the discretion to waive the supersedeas bond requirement or to set a lower amount. Id.

The Defendants' only objection to the motion is that Plaintiff has not filed a bond. The Plaintiff states in its motion that it is willing to post a bond if directed to do so by the Court. With the parties largely in agreement, the Court will grant the stay and require a bond be posted.

Accordingly, the Court **GRANTS** the Plaintiff's motion to stay execution of judgment pending appeal (Doc. No. 232) and **ORDERS** the Plaintiff to post a bond in the amount of $51,390.31 within fourteen (14) days of the date of this order.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2023.

                                                 */s/ Daniel L. Hovland*
                                                 Daniel L. Hovland, District Judge
                                                 United States District Court